UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALASHA ALI,<br><br>    Petitioner<br><br>v.<br><br>CALVIN JOHNSON,<br><br>    Respondent. | Case No. 2:16-cv-113-GW(GJS)<br><br>**MEMORANDUM AND ORDER DISMISSING FOR LACK OF JURISDICTION AND REFERRING PETITION TO NINTH CIRCUIT PURSUANT TO NINTH CIRCUIT RULE 22-3(a)** |

## INTRODUCTION

On January 6, 2016, Ali, a federal prisoner incarcerated at the Federal Correctional Institution in Adelanto, California, filed a habeas petition in this district pursuant to 28 U.S.C. § 2241. [Dkt. 1 ("Petition").] The Petition seeks habeas relief with respect to Petitioner's conviction upon guilty plea entered in the United States District Court for the District of Nevada in Case No. 2:06-CR-160-RLH-RJJ.

For the reasons that follow, the Court determines that Ali's Petition is more properly characterized as a motion under 28 U.S.C. § 2255, and that because Ali has already brought such a motion before, he must apply to the Ninth Circuit to file a second motion.

# BACKGROUND

On October 2, 2008, Ali was sentenced to a 244-month term of incarceration based on his guilty pleas to one count of bank robbery under 18 U.S.C. § 2113, three counts of armed bank robbery under 18 U.S.C, §§ 2113(a)&(d), and one count of use of a firearm during a crime of violence under 18 U.S.C. § 924(c). [Pet. at 2.]

Ali appealed his conviction and sentence to the Ninth Circuit. On June 2, 2009, that appeal was dismissed based on Ali's appeal waiver. *United States v. Falasha Ali*, No. 08-10432, Dkt. 11 (9th Cir. June 2, 2009); [*See* Pet. at 3.].

Thereafter, Ali filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the United States District Court of Nevada. [Pet. at 4.] On November 17, 2010, United States District Judge Roger L. Hunt denied the motion. [*Id.*]; *United States v. Ali*, 2010 WL 4806993 (D. Nev. Nov. 17, 2010). Ali filed a motion under Federal Rule of Civil Procedure 60(b)(6) to reopen the Section 2255 proceedings, but that motion was denied on July 21, 2013. [Pet. at 5]; *United States v. Falasha Ali*, 2013 WL 3975069 (D. Nev. July 31, 2013). Ali also filed a motion under Federal Rule of Criminal Procedure 36 to Correct a Clerical Error and Omission that was also denied. *See United States v. Ali,* 2014 U.S. Dist. LEXIS 169332 (D. Nev. Dec. 8, 2014).

# DISCUSSION

**I. The Court Lacks Jurisdiction Over the Petition as a Section 2241 Petition.**

The Petition, brought under Section 2241, challenges the legality of Ali's conviction on the grounds that (1) he "is not factually guilty of the crimes from which his sentence arises," (2) his "[g]uilty plea [was] made under 'duress'" because he had been "kept in 'solitary confinement' almost two years, nearly 24 hours a day" before sentencing, and (3) that his attorney was constitutionally ineffective for failing to seek a competency hearing. [Pet. at 3-4.] Thus, the claims

alleged in the Petition directly challenge the validity of Ali's conviction imposed in the District of Nevada.

A Section 2241 habeas petition may be filed by a federal prisoner to attack the "execution of his sentence," but not to attack its validity. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (same); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (noting that Section 2241 is available only to challenge the manner of execution of a prisoner's federal sentence, not its legality). Rather, the only post-appeal vehicle ordinarily available to a federal prisoner to challenge the legality of his conviction is a motion under Section 2255. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir.), *cert. denied*, 133 S. Ct. 292 (2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Therefore, absent other circumstances, the Court lacks jurisdiction under Section 2241 over the Petition.

There is "one exception" permitting federal prisoners to attack their convictions under Section 2241: when a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." *See Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956; *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). The Ninth Circuit has concluded that Section 2255 is "inadequate or ineffective" only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819. "§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The petitioner bears the burden of proving the inadequacy or ineffectiveness of the Section 2255 remedy. *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963) (*cited in Gholston v. Adams*, 26 Fed. App'x 767 (9th Cir. 2002)).

Ali has not satisfied his burden. First, although Ali styles one of his claims as an actual innocence claim, his discussion of the claim is merely an attack on the validity of his guilty plea. Accordingly, Ali makes no serious attempt at proving "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth*, 676 F.3d at 819 (9th Cir. 2012), *as amended* (May 31, 2012).

Nor does Ali argue, let alone prove, that he could not have pursued his claims under Section 2255. Ali's claims that his plea was made under duress and that his counsel should have sought a competency hearing both could have been, and actually were, brought in Ali's Section 2255 motion. [*Compare* Pet. at 3-4 *to* Pet. at Pages Titled "Grounds 1-19 for Motion Under 28 U.S.C. § 2255."]; *see* 28 U.S.C. § 2255(a) ("A prisoner in [federal] custody … claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence."). And Ali does not rely on facts that were not available to him when he filed his Section 2255 motion. Accordingly, the Court cannot assert jurisdiction under 28 U.S.C. § 2241 over the Petition, as it is really a misnamed Section 2255 motion.

**II.    The Petition is a Second or Successive Section 2255 Motion that Requires Ninth Circuit Pre-Filing Approval.**

Ali has already filed—and lost—a Section 2255 motion attacking his guilty plea. *United States v. Ali*, 2010 WL 4806993 (D. Nev. Nov. 17, 2010). "The plain text of the Anti–Terrorism and Effective Death Penalty Act of 1996 ('AEDPA') precludes [a federal habeas petitioner] from filing a 'second or successive' § 2255 motion unless he can show either that he relies on a new rule of constitutional law, § 2255(h)(2), or 'that no reasonable factfinder would have found [him] guilty of the offense,' § 2255(h)(1)." *United States v. Buenrostro*, 638 F.3d 720, 721 (9th Cir. 2011). Procedurally, to obtain permission to file a second 2255 motion, the "motion

must be certified as provided in section 2244 by a panel of the appropriate court of appeals." § 2255(h).  Under Ninth Circuit Rule 22-3(a), "[i]f a second or successive petition or motion … is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."  Accordingly, the Court orders the Petition, as a Section 2255 motion, referred to the Ninth Circuit.

The Court notes that if the Ninth Circuit grants Ali permission to file a Section 2255 motion, Ali should file that motion in the court where the conviction and sentence was entered, *i.e.*, the United States District Court for the District of Nevada.  *See Muth*, 676 F.3d at 818 ("§ 2241 petitions must be filed in the district where the petitioner is confined, while § 2255 motions must be filed in the district where the petitioner was sentenced."); *cf. id.* ("If the district court construes the filing as a § 2255 motion and concludes that it therefore lacks jurisdiction, it may transfer the case to the appropriate district.").

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Petition is DISMISSED for lack of jurisdiction;

(2) Judgment shall be entered DISMISSING this action WITHOUT PREJUDICE; and

(3) the Petition IS REFERRED to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a) governing second or successive 2255 motions.

**IT IS HEREBY ORDERED.**

DATED:  June 28, 2016

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE